IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RAQUEL STITH,**

    **Plaintiff,**

    v.                                                                 Civil Action No. 3:23cv750

**GLOBAL TEL LINK CORPORATION,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). By Memorandum Order entered on April 3, 2024, the Court directed Plaintiff to file a particularized complaint. The Court explained that:

---

[1] That statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests and how they violated any cited law. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))." (ECF No. 10, at 1–2.) The Court provided Plaintiff with specific instructions on how to file a particularized complaint.

On April 29, 2024, the Court received Plaintiff's particularized complaint. (ECF No. 11.) Plaintiff failed to follow the Court's specific directions. Plaintiff did not identify the Defendants in a list in the first paragraph. Plaintiff then tersely listed five points that did not provide each defendant with fair notice of the facts and legal basis upon which their liability rests. Plaintiff also stated that Defendants violated "Federal Communications Act," without any further description, and "the Sherman Act §§ 1, 3 which is part of the first 1st Amendment," without any significant detail. (ECF No. 11, at 1.) Plaintiff's entire complaint was a mere three pages of an 8-inch by 5-inch notepad. Accordingly, by Memorandum Order entered on June 4, 2024, the Court directed Plaintiff to file a second particularized complaint within thirty (30) days of the date of entry thereof, and once again, provided Plaintiff with detailed instructions. The Court warned Plaintiff that the failure to submit a second particularized complaint would result in the dismissal of the action.

More than thirty (30) days have elapsed since the entry of the June 4, 2024 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the June 24, 2024 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 7/16/24
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge